## Deans v. Pollock-Timblin Co., Inc.

*Cyril T. Garvey*, for plaintiff.
*Albert E. Acker*, for defendant.

McKay, J., March 20, 1958.—Defendant has moved for a protective order to prevent the taking of a discovery deposition of the president of defendant company now scheduled for March 27, 1958. The reason assigned[1] is that a demurrer has been filed by defendant to the complaint. In effect, the motion is that the time of taking the deposition be deferred until the demurrer is disposed of.

The Pennsylvania Procedural Rules do not expressly deal with the question whether the court can postpone the time for taking a deposition. They do provide, however, that the court may order that a deposition shall not be taken, that it be taken at a different place than the one designated in the notice and that it shall be limited in scope and in other details.[2]

We have no doubt that the power to order that a deposition shall not be taken at all comprises the power to postpone the time of its taking or, in fact, that the court has the latter power under its general responsibility for administering procedure under the rules.

---

[1] Defendant also objects to the deposition being taken at the office of plaintiff's attorney. We find no merit in this objection.

[2] Pa. R. C. P. 4012.

The question before us, then, is whether the pendency of a demurrer is a proper ground for postponing the taking of a deposition of a witness.

Admittedly that reason is not specifically included among those listed in Pa. R. C. P. 4011 which limit the scope of discovery. It could be argued with some plausibility that the present case is still in court, that the right of discovery should be liberally construed, and that plaintiff should, therefore, be permitted to proceed with the taking of the deposition so that, if the demurrer is eventually overruled, he will be further along in the preparation of his case for trial.

On the other hand, a demurrer challenges whether plaintiff can recover under his complaint. If the demurrer is sustained, there will be no case to be tried and the taking of the deposition will have been a vain and useless thing. Rule 4011(b) provides that: "No discovery . . . shall be permitted which . . . causes unreasonable annoyance . . . to the deponent."

It would seem to be an unreasonable annoyance to a deponent to require him to take time away from his affairs and subject himself to detailed examination to help plaintiff in his preparation of a case that, as a result of a proceeding now pending and awaiting determination, may be dismissed and never come to trial.

We are inclined to follow the latter reasoning. Generally a demurrer acts to stay all proceedings. In our opinion this includes the taking of depositions which are designed to substantially aid in the preparation or trial of the case. If the demurrer is overruled, plaintiff may give his notice of taking the deposition here desired, for that is his clear right. If the demurrer is sustained, and no amendment of the complaint is made, the witness will not have been needlessly annoyed by being required to give a deposition that will never be used.

*Order*

Now, March 20, 1958, it is ordered that plaintiff defer the time of taking the deposition of Thomas R. Timblin, president of defendant corporation, until the demurrer to the complaint now pending in the above entitled case is disposed of.

